UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID WEXLER,<br><br>                           Plaintiff,<br><br>  - against -<br><br>THE WATERFRONT MUSEUM<br><br>                           Defendant. | Docket No. 1:19-cv-956<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff David Wexler ("Wexler" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant The Waterfront Museum ("Waterfront" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of cast members of the show Moby Dick, owned and registered by Wexler, a New York based professional photographer. Accordingly, Wexler seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Wexler is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 315 Sugarwood Lane, Commack, New York 11725.

6. Upon information and belief, Waterfront is a company duly organized and existing under the laws of the State of New York, with a place of business at 290 Conover Street, Brooklyn, New York 11231. At all times material, hereto, Waterfront has owned and operated a website at the URL: www.Waterfrontmuseum.org (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photographs

7. Wexler photographed cast members of the show Moby Dick (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8. Wexler is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with the United States Copyright Office and were given registration number VA 2-104-759.

### B. Defendant's Infringing Activities

10. Waterfront ran an article on the Website entitled *MOBY DICK-REHEARSED by Brave New World Repertory Theatre*. See URL: http://waterfrontmuseum.org/events/performances/moby-dick. The article featured the Photographs. Screenshots of the Photographs on the article are attached hereto as Exhibit B.

11. Waterfront did not license the Photographs from Plaintiff for its article, nor did Waterfront have Plaintiff's permission or consent to publish the Photographs on its Website.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Waterfront infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Waterfront is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Waterfront be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded punitive damages for copyright infringement;

5. That Plaintiff be awarded attorney's fees and costs;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
February 18, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff David Wexler*